IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TAMMY R. NEELY BATES,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )   Case No. CIV-22-233-JAR
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
        Defendant.               )

**OPINION AND ORDER**

Plaintiff Tammy R. Neely Bates (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries:  first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 37 years old at the time of the ALJ's decision. Claimant completed her high school education and two years of college. Claimant has no past relevant work. Claimant alleges an inability to work beginning September 28, 2015 due to

3

limitations resulting from restrictive lung disease, PTSD, post-ICU disorder, tremor in the left hand, manic bipolar, exhaustion, displacement of the spine and left side, headaches, left foot displacement, permanent tracheotomy, trouble lifting/carrying, trouble in groups of people, and social anxiety. (TR. 356).

## Procedural History

On April 6, 2017, Claimant protectively filed for Supplemental Security Income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After a hearing, Claimant received an unfavorable decision from the Administrative Law Judge ("ALJ") on June 18, 2020. On December 15, 2020, the Appeals Council remanded the case for further proceedings. On August 11, 2021, ALJ Jana Kincade conducted a hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. On January 12, 2022, the ALJ issued an unfavorable decision. On June 14, 2022, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform work at the light exertional level.

### Error Alleged for Review

Claimant asserts the ALJ erred in failing to properly evaluate the medical evidence.

### Consideration of the Medical Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of restrictive lung disease, chronic obstructive pulmonary disease with history of fungal pneumonia and status-post tracheotomy; bipolar disorder; psychosis disorder; generalized anxiety disorder; panic disorder; and major depression. (Tr. 17). The ALJ found none of Claimant's conditions met a listing. (Tr. 21). As a result of the limitations caused by Claimant's severe impairments, the ALJ found Claimant could perform light work. (Tr. 23). In so doing, the ALJ found Claimant was able to lift and/or carry up to 20 pounds occasionally and ten pounds frequently; stand and/or walk for six hours out of an eight hour workday; sit for six hours out of an

5

eight hour workday; could never climb ladders, ropes, or scaffolds; could have occasional exposure to concentrations of pulmonary irritants such as dust, fumes, odors, gases, or poor ventilation; must avoid exposure to extremes of heat, cold, and humidity; needed to avoid exposure to hazards such as unprotected heights and unguarded moving machinery; could perform simple, routine tasks and simple decision-making in an environment that involves few, if any, workplace changes; and she could have occasional interaction with supervisors, co-workers, and the public.  (Tr. 23).

After consultation with a vocational expert, the ALJ determined that Claimant retained the residual functional capacity to perform the representative jobs of cleaner, mailroom clerk, and poultry dresser, all of which were found to exist in sufficient numbers in the national economy.  (Tr. 28).  Consequently, the ALJ found that Claimant had not been under a disability since March 16, 2017, the date the application was filed.  Id.

Claimant challenges the ALJ's consideration of the medical opinion evidence.  State agency psychological consultants Dr. Burnard Pearce and Dr. Don B. Johnson provided mental RFC assessments for Claimant.  (Tr. 98-100, 117-19).  Both mental health professionals concluded in their assessments that Claimant

6

could perform simple tasks with routine supervision; could relate to supervisors and peers on a superficial work basis; could not relate to the general public; and could adapt to a work setting. (Tr. 100, 119).

In considering these opinions, the ALJ found

> State agency psychological consultants, Burnard Pearce, Ph.D. and Don Johnson, Ph.D., in September 2017 and July 2018, each opined the claimant could perform simple tasks with limited interaction with others . . . . The undersigned affords their opinions some partial weight. Their opinions are consistent with the objective clinical findings, treatment, and compliance history. However, considering her overall longitudinal history their public contact limitation is too extreme. The claimant's residual functional capacity findings related to her mental limitations are better supported by the overall longitudinal treatment record and reported daily activities. . . .

(Tr. 26).

In the RFC, the ALJ limited Claimant to "occasional interaction with supervisors, co-workers, and the public" while Dr. Pearce and Dr. Johnson limited her to "superficial" contact. (Tr. 23; 100, 119). "Occasional" refers to the quantity of time of the interaction. By definition, "occasional" as to pertains to a job's condition is an "[a]ctivity or condition exist[ing] up to 1/3 of the time." *Dictionary of Occupational Titles* (4th ed.

7

1991), companion book *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993). However, the term does not limit the nature and extent of the contact as Dr. Pearce and Dr. Johnson provided. Contact which is "superficial" is more akin to "incidental" contact and not contact of a particular duration. The ALJ in this case appears to have impermissibly equated the two terms. Miller v., Kajakazi, 2021 WL 4311811 *3-4 (E.D. Okla. September 22, 2021). As a consequence, although the ALJ expressly stated that he gave the opinions "partial weight", he did not give this particular limitation any weight without providing an explanation.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). She must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. §§ 416.927(d)(1)-(6). She also "cannot pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Chapo v. Astrue, 682 F.3d 12875, 1292 (10th Cir. 2012)(citations omitted). The ALJ did not provide the required explanation for rejecting the opinion of

8

Dr. Pearce and Dr. Johnson. On remand, she shall rectify this deficiency.

The ALJ also rejected Dr. Pearce's and Dr. Johnson's opinions in providing more restrictive contact with the general public. The ALJ referred to the "longitudinal record" as the basis for rejecting the mental health professionals' opinions without indicating which "longitudinal records" support a less restrictive limitation. Without a reference to the evidence supporting such a decision, this Court is unable to evaluate the propriety of the ALJ's conclusions. Moreover, imposing her own opinion on the extent of the limitation upon contact with the general public over that of the medical professionals smacks of "substituting [her] own medical judgment for that of mental health professionals" which is prohibited. Winfrey v. Chater, 92 F.3d 1017, 1022023 (10th Cir. 1996). On remand, the ALJ shall reconsider the her assessment of the contact with the general public restriction in the RFC.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security

9

Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings.

IT IS SO ORDERED this 30th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE